### DeLoach *et al. v.* Purcell.

Hines, J. 1. A bona fide purchaser for value, and without notice of an equity, will not be interfered with by a court of equity. Civil Code § 4531.

2. If one without notice sell to one with notice, the latter is protected, as otherwise a bona fide purchaser might be deprived of selling his property for full value. Civil Code, § 4535.

3. Where the husband has the paper title to land in his own name, and, being in possession, conveys the same by deed to his second wife, his deed to her being based in part upon a valuable consideration and in part upon· a good consideration, and being taken without notice of the claim of his children by a former marriage to the land, based upon an implied trust growing out of the fact that the land was bought with money of their mother and title taken in the name of the husband when it should have been taken in the name of the former wife, the title of the second wife is superior to the secret equity of the children by the former marriage.

4. The allegations of the petition, that petitioners, upon the death of their father, agreed for the second wife to live on said place and use the same as a home, and that for this she was to transfer to them the paper title she had, did not authorize the grant of the specific relief

prayed by petitioners, that is, that the deed from the husband to the second wife be canceled, and that the defendant be ejected from the land in dispute. These allegations show that the deed from the husband to the second wife should not be canceled, as, under the alleged agreement between her and petitioners, it was to be transferred to the latter; and until the deed from the husband to his second wife is got rid of, no case is made for the ejectment of the defendant from the premises in dispute.

5. Petitioners do not seek specific performance of the alleged agreement between them and their stepmother; nor do they sue for damages for a breach of such agreement; nor do they pray to have the land imprest with a trust in their favor; nor do they seek to have the defendant adjudged their trustee holding the same in trust for them. For this reason we are not called upon to decide whether the petition makes a case for relief on either of these grounds.

6. The deeds sought to be canceled are not void for lack of sufficient description of the land therein conveyed.

7. Applying the rulings above set out, the trial judge did not err, in view of the allegations of the petition and of the specific relief sought, in sustaining the demurrer to the petition and in dismissing the suit.

*Judgment affirmed. All the Justices concur.*

No. 6492. MAY 16, 1928.

Equitable petition. Before Judge Daniel. Tattnall superior court. January 9, 1928.

On September 28, 1926, Sallie DeLoach, Ella Lewis, W. H. De-Loach, Retta DeLoach, J. R. DeLoach, Lucius A. DeLoach, W. F. DeLoach, Rosa Zorn, and Janie Fordham filed their petition against Marshall M. Purcell, in which they made these allegations: Petitioners are the children of D. J. DeLoach by his first wife, Rebecca DeLoach. D. J. DeLoach and Rebecca DeLoach are both dead. Petitioners are more than 21 years of age, and there is no administration on the estate of either their father or mother. Defendant is in possession of one acre of described land. Said land once belonged to E. L. St. Clair, who, on December 9, 1904, conveyed it to D. J. DeLoach for a consideration of $250. The money paid for said land belonged to the mother of petitioners, having come from the sale of her cattle to one Blocker. The money was paid to her, and she gave it to her husband to pay for said land and to have the deed made to her, but he had the deed made to himself, brought it home and gave it to his wife, and told her that he would later transfer it to her. She remained in possession of said deed until she died, on August 31, 1907. She was living on said place, and in possession of and controlling the same. After the death of their mother petitioners agreed for their father to

remain in possession of said place and enjoy the same as long as he lived, but the property belonged to petitioners during this time. In May, 1912, their father married again, and petitioners agreed for him to live on said place and use it for a home the remainder of his life. On December 14, 1912, their father, without their knowledge or consent, deeded said property to his second wife. He died on March 31, 1922, leaving his second wife on said place. Petitioners agreed for her to live on said place and use the same as her home, and for this she was to transfer the paper title she had to them. Recently petitioners learned that she ·was trying to sell the same to the defendant, Purcell. Some of them went to him and put him on notice of their legal and equitable title to said land, and requested him not to buy the same. He told them that he had not bought it nor put any money in it, and that he would not buy it. Later he did buy said place, and took a deed from Sarah J. DeLoach, the second wife of D. J. De-Loach, to the same and went into possession, and now refuses to deliver said property to petitioners and to transfer his paper title to them. The deed to the defendant is a cloud upon their title. Not having paper title to said land they bring this suit for ejectment on the equity side of the court. They pray that they have a verdict and judgment cancelling said deed as a cloud upon their title; and that they have a verdict and judgment ejecting defendant from the possession of said place.

By an amendment petitioners made Sarah J. DeLoach a party defendant, and made these additional allegations: The agreement for their father to live on said place and use the same as long as he lived was made with him, and the use of said place for his life time was a valuable consideration to him. The agreement petitioners made with Sarah J. DeLoach to live on said place and use the same as a home, upon the condition that she would transfer her paper title to them, had a valuable consideration, because said place as a home to her had value, and bound her in said agreement; and that she had said deed was not known to plaintiffs until after the death of their father. Neither the deed from D. J. DeLoach to Sarah J. DeLoach nor the deed from her to the defendant conveys any title to any land, because of insufficient description thereof in each of said deeds; and therefore the paper title to said land is in the estate of D. J. DeLoach in trust for

the heirs of his first wife, who are his heirs, and all of them, except Sarah J. DeLoach, his widow.  They pray that the court establish their legal title, award them possession of the land, cancel the deed referred to as a cloud upon their title, and remove the defendant from the possession of said property.  The deed from D. J. DeLoach to Sarah J. DeLoach contains the following: "That certain tract or parcel of land consisting of one house and lot, situated in said State and county and in the 1432nd G. M. district, and within the incorporated limits of the town of Glennville, bounded as follows: east by Carswell Street; south by Institute Street, and on the west by lands of D. J. DeLoach; and on the north by lands of D. J. DeLoach, fronting 80 feet on Carswell Street and 170 feet on the west, and 170 feet on the north.  The said party of the first part reserves unto himself the right to live in and enjoy the use of said property for and during the term of his natural life, and at his death to go to Sarah J. DeLoach in fee simple as herein specified."  The deed from Sarah J. DeLoach to the defendant contains the same description.

The defendant demurred upon the grounds; (1) There is no cause of action set out therein.  (2) Under their allegations the plaintiffs are not entitled to any relief either legal or equitable.  (3) There is a nonjoinder of necessary parties defendant.  (4) The claim of plaintiffs is a stale demand, and because of laches they are not entitled to recover.  (5) Their allegations show that, if they have any cause of action, it is for the specific performance of a contract to convey land, and not for cancellation.  Certain special grounds of demurrer were fully met by amendment.  The judge sustained the demurrer, and the plaintiffs excepted.

*H. H. Elders,* for plaintiffs.

*J. J. E. Anderson* and *C. L. Cowart,* for defendant.